UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **LARRY J. LIEBERENZ, JR.,** )  )  *Petitioner* )  )  v. )  )  **SUPERINTENDENT, INDIANA** )  **STATE PRISON,** )  )  *Respondent* ) | No. 3:05cv0771 AS |

### *MEMORANDUM, OPINION AND ORDER*

On or about December 2, 2005, this petitioner, Larry J. Lieberenz, Jr., appearing *pro se*, filed the within petition seeking relief under 28 U.S.C. §2254. The court now has before it a massive state court record which was filed on or about March 26, 2007 as a result of this court's entry and order of March 9, 2007. This court has long been familiar with both the mandates and limitations of *Townsend v. Sain*, 372 U.S. 293 (1963).

This court is also familiar with similar provisions of the same subject under 28 U.S.C. §2254. It also needs to be understood that this court does not sit as a court of common law review with regard to convictions in state court. *See*, for example, the values that inhere in *Younger v. Harris*, 401 U.S. 37 (1971). The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). There is also a basic requirement which is in two

elements. One is that available state remedies must be exhausted, and the other is that the issues presented here in this federal court must first be presented to the state judiciary. This petitioner was facing sentences totaling 125 years.

This court is also aware and has considered the unpublished memorandum decision of the Court of Appeals of Indiana entered April 12, 2004 authored by Judge Vaidik and concurred in by Judges Sharpnack and Mathias. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. As a result, further proceedings were had in the Noble County Superior Court limited to his ineffective assistance of counsel claims. To be perfectly frank, he simply did not get anywhere in the remand hearing. Most, if not all of the follow-up opinion by the Court of Appeals of Indiana was on state law issues. This court is hard pressed to find a <u>federal</u> constitutional issue there.

This court is also aware of and has considered yet another unpublished opinion by the Court of Appeals of the State of Indiana entered September 9, 2005, authored by Judge Robertson and concurred in by Judges Bailey. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "B", attached hereto and incorporated herein. It is to be noted that Judge Sullivan concurred in result without opinion. The Supreme Court of Indiana denied transfer on November 9, 2005.

This court is also aware of and has considered the decision of the Court of Appeals of Indiana published in *Lieberenz v. State*, 717 N.E. 2d 1242 (Ind. App. 1999), upon which

2

the Supreme Court of Indiana denied transfer on December 27, 1999.  Certainly, facts found by the second highest court in the State of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1).  This petitioner has the burden of rebutting that presumption by clear and convincing evidence, which he has failed to do in spite of his numerous filings and protestations.   Before this court are three opinions of the Court of Appeals of Indiana.  At least one of them was published and the Supreme Court of Indiana denied transfer on two of them.  A careful examination of the unpublished opinions in 2004 and 2005 convince this court that the extent to which issues under the Constitution of the United States have been presented to state appeals court, there is no indication that the state appeals court did not respect and follow any relevant decisions of the Supreme Court of the United States.  This is especially true with regard to assertions by this petitioner that his trial counsel was ineffective as outlined in *Strickland v. Washington*,  466 U.S. 668 (1984), *rehr'g denied,* 467 U.S. 1267 (1984) and similar cases. Most recently, *see  United States v. Lundy*, No. 06-2749 (7th Cir. May 1, 2007), *United States v. Malone*, No. 06-2915 (7th Cir. April 30, 2007), *United States v. Trice*, Nos. 05-3347, 05-3349, 05-4169 (7th Cir. April 30, 2007); and *Bednarski v. United States*, 481 F.3d 530 (7th Cir. 2007).

For all of these reasons, relief under 28 U.S.C. §2254 is **DENIED**.  **IT IS SO ORDERED**.

    **DATED:**  May 14, 2007

                                                                   S/ ALLEN SHARP
                                       **ALLEN SHARP, JUDGE**
                                       **UNITED STATES DISTRICT COURT**